IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ADRIA MOORE,
# N-13403

    Plaintiff,

vs.                                        1:08-CV-246-MMP/AK

W. L. GARY, et al.,

    Defendant(s).
_____/

## O R D E R

Plaintiff, an inmate proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and has failed to motion to proceed *in forma pauperis* (IFP), failing to comply with 28 U.S.C. § 1915.

Section 1915, as amended by the "Prison Litigation Reform Act of 1995 (hereinafter "PLRA"), requires the court to assess an initial partial filing fee on all inmates who are permitted to proceed *in forma pauperis*. Under the PLRA, all prisoners will eventually pay the district court's entire $350.00 filing fee when bringing a civil action, or filing an appeal, *in forma pauperis*. If a prisoner's account

statement shows that he cannot pay even the required initial partial fee, the civil action may nevertheless proceed; however, the total $350.00 fee will be assessed and deducted from future deposits to Plaintiff's prison account until the total filing fee is paid.  Fees are not refundable, regardless of dismissal of the action. [The obligation to pay the full amount of the filing fee continues even if Plaintiff is released from prison.]  Even after the initial partial fee is paid, the PLRA requires this court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915(g) prohibits a prisoner from filing any further suit or appeal without full prepayment of the filing fee if the prisoner has had three actions or appeals dismissed on one of the previously mentioned grounds set out in Section 1915(e)(2).

The Court must assess an initial partial filing fee based on the average monthly deposits in Plaintiff's prison bank account in accordance with 28 U.S.C. § 1915(b)(1).  Thus, Plaintiff must submit a computer printout for his inmate bank account for the six (6) month period immediately preceding the filing of the complaint; i.e., the period from **JUNE 8, 2008** to **DECEMBER 8, 2008.  Plaintiff must obtain account statements with the signature from the appropriate official of each prison at which he is, or has been, confined for the six (6) month period prior to the filing of this complaint.  If Plaintiff was not incarcerated during any portion of this time period, he must specifically advise the court.**

Accordingly, it is **ORDERED:**

1. Review of Plaintiff's complaint, doc. 1, is deferred until Plaintiff has complied with 28 U.S.C. §1915.

2. The clerk of court shall forward to Plaintiff an application for leave to proceed *in forma pauperis*.

3. Plaintiff shall have until **JANUARY 20, 2009**, to either: (1) file a computer printout of the transactions in his prison account as directed in this order along with a completed application to proceed *in forma pauperis* certified by the appropriate prison official, or (2) pay the full $350.00 filing fee, or (3) file a notice of voluntary dismissal of this case pursuant to Fed.R.Civ.P. 41(a).

4. Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.

5. The clerk shall refer the file to the undersigned on or before **JANUARY 20, 2009**.

**DONE AND ORDERED** this  *17th*  day of December, 2008.

         *s/ A. KORNBLUM*
         **ALLAN KORNBLUM**
         **UNITED STATES MAGISTRATE JUDGE**